IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| JONATHAN McGUFFIN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CIV-05-805-T |
| | ) | |
| HARVEY CRAIG, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**O R D E R**

This matter is before the Court for review of the Report and Recommendation issued by United States Magistrate Judge Robert E. Bacharach pursuant to 28 U.S.C. § 636(b)(1)(B)-(C). Judge Bacharach recommends the civil rights complaint be dismissed without prejudice to refiling based on Defendants' Eleventh Amendment immunity and Plaintiff's failure to exhaust available administrative remedies as required by 42 U.S.C. § 1997e(a).  Plaintiff has timely filed a written objection.  Thus the Court must make a de novo determination of portions of the Report to which specific objection is made, and may accept, modify, or reject the recommended decision.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

Plaintiff, a state prisoner appearing *pro se* and *in forma pauperis*, seeks monetary and equitable relief under 42 U.S.C. § 1983 for alleged indifference to his safety and retaliation because he exercised a constitutional right to a safe environment. The alleged retaliation included removal from a prison job and disciplinary action; the discipline included a loss of earned credits and a reduction of classification level, which caused the loss of various privileges. Judge Bacharach finds Plaintiff's official-capacity claims for damages are barred by the Eleventh Amendment. Further, as to individual-capacity and equitable claims, Judge Bacharach finds Plaintiff's administrative

appeal of his disciplinary conviction, although concluded, is insufficient to exhaust administrative remedies because Plaintiff complains of acts and raises claims other than discipline. Judge Bacharach finds Plaintiff has an available administrative remedy through the grievance process that he has not utilized.

Plaintiff disputes this last finding. He contends that Oklahoma Department of Corrections (DOC) policies require any prisoner complaint that relates in any way to a disciplinary "write-up" to be asserted in a misconduct appeal under OP-060125 (which he utilized) and prohibits pursuit of grievance procedures under OP-090214. Plaintiff contends Judge Bacharach has misinterpreted OP-090214 and wrongly concluded that Plaintiff has an available grievance remedy.

The Court has carefully evaluated Plaintiff's contention that he has no available remedy other than the one already exhausted. Contrary to Plaintiff's position, a review of the applicable grievance policy refutes the alleged restriction. The policy, OP-090214, provides:

> B. <u>Non-grievable issues</u>
>
> 1. Misconduct reports received through the department disciplinary procedures may not be appealed through the grievance process. Misconduct reports may only be appealed through the appeal procedures referenced in OP-060125 entitled "Department Inmate Disciplinary Procedures."

( Defs.' Mot Dismiss, Ex. 1, Inmate/Offender Grievance Process, at 2.) The provision does not by its terms prevent Plaintiff from asserting his complaint that Defendants acted with deliberate indifference to a safety risk and retaliated against him for exercising a constitutional right to safety by terminating his work assignment. Thus the Court agrees with Judge Bacharach's finding that Plaintiff has failed to plead complete exhaustion, and concurs in his recommendation. *See Ross v.*

*County of Bernalillo*, 365 F.3d 1181, 1190 (10th Cir. 2004) (mixed complaint ordinarily should be dismissed without prejudice).

For these reasons, the Court adopts the Report and Recommendation [Doc. 24]. Defendants' Motion to Dismiss [Doc. 18], as amended [Doc. 22], is GRANTED. The action will be dismissed without prejudice to refiling.

IT IS SO ORDERED this 4th day of November, 2005.

_____
RALPH G. THOMPSON
UNITED STATES DISTRICT JUDGE